Thank you, Your Honors. This case, and the appeal of this case, really stems and begins from a settlement conference that occurred in February 2012. A couple of months later, the trial of the first lawsuit between Fleming and Escort was looming to occur in June 2012. That February 2012 settlement conference did not result in a settlement. A few days later, Escort's business partners who resell Escort's products received letters from Mr. Fleming through his counsel, and those letters stated unequivocally that they were liable because they were selling Escort's products. In addition, those letters stated that Escort was recently purchased in a bankruptcy auction, and it was quick to note that, and to the extent Escort is unable to pay the full damage award, then the customers would be implicated. On the same date that Escort was notified that its business partners... At least I'll speak for myself. I think I have the facts well in hand, so why is this suit not quite plainly barred by the Idaho litigation privilege? Your Honor, it's because the Idaho state litigation privilege conflicts with federal patent law regarding... You think federal patent law requires Idaho to supply state law liability for this? I'm sorry, Your Honor, could you... You think that federal patent law affirmatively requires a state to provide for state law liability for these letters? That's your argument, right? Well, I think... No, I don't think it is, Your Honor. The argument is that federal patent law governs the propriety of patent notice rights. I mean, all that happened here was that the court said, there shall be no Idaho liability for these letters. But that, of course, is contrary to federal patent law, which allows action on patent notice rights. When you say allows action, federal patent law doesn't create a cause of action. That's true. For disparagement. But what it does do... The cause of action in federal law says you can't enforce that cause of action with respect to some statements. And Idaho says, we'll go even farther. You can't enforce that with respect to an even larger number of statements. How does that help you? How does that mean that federal patent law somehow works in your favor? Sure. And because that is a conflict between what federal patent law says and the protection that is afforded by Idaho state litigation privilege. One of the purposes... Well, we have a supremacy issue. You have to look... And if there's a conflict with federal law and state law, you have to truly determine whether there is a conflict between the protections offered by the state... So you're saying that federal patent law requires Idaho to apply its state disparagement statute in circumstances in which Idaho would not otherwise apply that statute. Is that your argument? Effectively, yes. Because of the standard that federal patent law applies with respect to the propriety of patent notice rights. Federal patent law very clearly says that patent notice rights have to be correct and accurate. They have to be made in bad faith. Otherwise, they're actionable. Otherwise, they're actionable. If there is a state law cause of action, it would not be foreclosed, right? That's true. That's different from saying it's actionable in the sense that federal patent law creates the cause of action. It does not. I agree. It makes it potentially actionable because it's not in conformance with federal patent law. And we don't have any argument here or basis for an argument that Idaho had somehow selectively disfavored federal policies. I don't remember seeing any such argument. As far as I can tell, this is a perfectly uniform view of the Idaho litigation privilege that would apply whether there were state or federal law in the background. Yeah, I agree with that. That Idaho law does not specifically call out patent issues for this application of litigation. Because sometimes there is a kind of federal preemption of state decisions that is discriminatory against federal claims. So the absence of that, I think, does return this to the situation we've been talking about, that your federal preemption argument is necessarily an argument that federal law requires Idaho to recognize a state law cause of action for liability. I don't think it requires Idaho to recognize it. What it has to do is state litigation privilege has to comply with federal patent law. The full purposes of federal patent law as it relates to patent notice rights includes that those notices must be accurate and they must be made in good faith. Let me ask you this question. Suppose Idaho had no disparagement statute at all. In fact, three years ago, let's suppose the Idaho legislature in its wisdom decided disparagement creates all sorts of First Amendment problems or problems with the First Amendment to the Idaho Constitution. We're going to get rid of the disparagement statute. So there's no disparagement statute at all. Is it your position that the patent law would require Idaho to create a disparagement statute? No. Or a disparagement cause of action? No, that's not my position. So if Idaho could have no disparagement cause of action, why can't it have a disparagement cause of action that is very, very narrow, narrowed by the privilege, litigation privilege? Because a lack of a disparagement cause of action is not in conflict with federal patent law. But what we do know from the Zenith case we cited in our case, that bad faith marketplace statements concerning patents do not further the purposes of the patents. The Hunter-Douglas case from the federal circuit has a similar statement. Kate, can I just say, can I ask this, I take it from your starting with and so far focusing only on an argument about inconsistency with federal policy, that you are not disputing that as a matter of Idaho law, the interpretation of its litigation privilege support, would all by itself support the result that's on appeal here? Yeah, we're not objecting to that. If interpreted as the district court did, the state litigation privilege immunizes bad faith conduct. It does, the way it's interpreted. But again, what you have here is federal patent law saying that this is not an issue for state law. That's the Micon-Gaming case. That the propriety of a patent notice right is not a matter of state law, but rather national uniformity requires that the propriety of a patent notice is determined solely by federal precedent and quote, is not a matter of state total. That's the Micon-Gaming case. And there are others that speak to the same thing when these federal circuit cases say that notices about one's patent rights must be made in good faith. So what you have is a state Idaho litigation privilege that immunizes the very conduct that is not provided for under federal patent law. Not provided for. I mean, it seems to me that's the verb that is hard to find for your argument. It's what it is that it immunizes that patent law protects or gives it right with respect to. That seems to me the big problem with your argument. It's a good point because there's no federal law that you can have a cause of action. Right. But that federal law does provide insight as to the merits of the state law claim. For example, tortious interference with business relations. Won't allow the state law to invade an area that the patent law provides a defense to. To put it shortly. But that's quite different from the flip side, it seems to me, of saying that it refuses to allow the state to protect certain kinds of conduct. And I don't disagree with that, Your Honor. But if you don't disagree with that, it's hard to see how you can win this case. Well, again, it's because federal patent law has, the Federal Circuit has said repeatedly that this is not an issue for state tort law. The Micon-Gaming case. That sounds like a field preemption argument. That state tort law has no role to play in any area of patent litigation. We surely haven't said that. Yeah, that's correct. Actually, the case is from the Federal Circuit saying it's conflict preemption. And that couldn't help you, could it? I'm sorry. And that couldn't help you. That would mean there would be no cause of action, even... Correct, yes. So, again, federal patent law provides that patent notice rights are improper if they're made in bad faith, and if they're false, and if they're inaccurate. State Idaho privilege immunizes that same type of conduct. And so there is a conflict between what the federal patent law says and what state litigation privilege says. And that is why we believe that this court erred when it applied state litigation privilege to immunize conduct that the federal patent law has said is not appropriate. Assuming you're right that the patent law, scope of the patent law protection is what governs here, what is it about these letters that you think violates the scope of the patent law protection for notices, cease and desist letters and notices of infringement? Sure. So there are two statements. One is these letters stated that Escort's business customers are liable. And that is simply not true. And in fact, at trial, Escort obtained a fully paid up license and the appellees admit that the district court exonerated Escort's customers because of that license. Now, what the appellees also say in their plea... Can you also explain what that means that the district court exonerated the customers, the district court in the first case? In the second lawsuit, the district court said that there cannot be a double recovery against Escort's customers because there's a fully paid up license that's been... Was that license and district court decision before or after these letters? After. Well, how do we know when the letters were sent whether these customers could have been liable or not? They could have been liable. It's only after the fact that once you got the license that they weren't liable. I agree. Why is the notion of a license relevant at all to this argument? Well, I think it bears on the fact the statement of liability when it was made was not true because there was no determination of liability at that time. Well, but that's always true when you send a cease and desist letter. You say, I believe you're infringing my patent. We don't know you're infringing. So does that make that statement untrue and therefore actionable? I wouldn't think so. In your context, you said the letter says, I believe... Okay, let's suppose that I was a little more forceful than that and I said you are infringing my patent. Is that forbidden by patent law? It seems to me that's exactly what the patent law says is okay. If there's a reasonable belief that the product at issue does in fact infringe, then there's nothing wrong with that because in that hypothetical, it would have been made in good faith. But at the time of the district court's decision, a statement that there is liability is false and a statement that there is bankruptcy is false as well. I'll reserve a few minutes. You'll reserve a minute and a half. Thank you. May it please the court. The only thing, real thing I heard argued was preemption. Preemption was never raised before the district court. This court is not a court of first impression. In fact, it's often held that arguments not presented to the district court are not considered on appeal since doing so destroys the appellate process by rendering the district court irrelevant. The only thing that Escort argued to the district court was that the Idaho litigation privilege doesn't apply because the notice letter was not a statement made to a judge during a pending litigation. So the district court never got a chance to pass on this preemption issue along with, frankly, everything else in their brief that has been presented to the court. Nothing about good faith, nothing about whether the privilege applies to pre-litigation communications, and certainly nothing about preemption. So it's Mr. Kline's position that this court shouldn't be ruling on it as a matter of first impression. Do you think this district belongs in this court, or do you think the Ninth Circuit shouldn't have sent it over to us? You know, I wondered if you guys would ask that question. Our position is that we went to the Ninth Circuit and said that it belonged here, and the reason we did was because we understand that the statements made in the complaint are assumed to be true for purposes of a 12B6 motion. And S Court pled in its complaint that jurisdiction for the case arose under 1338, and under section 1295 says that this court has exclusive jurisdiction for cases that arise in whole or in part under section 1338. Somebody could have an automobile accident case and say that it arises under 1338. That doesn't get them into district court and this court. It's got to be a substantial claim that it arises under the patent law. Agreed, and I think that you'll actually see in our briefing there, we cited to the Ninth Circuit a case from this court where the exact scenario took place, and I believe it was even a notice of infringement letter. Additive controls is a case from this court that on facts roughly similar to this, says this court has jurisdiction because in proving the, at least some of the allegations of impropriety, you have to prove that there was no likelihood of infringement, and therefore that gets you into the patent law. But do you think that the Supreme Court's more recent decision in the Gunn and Linton case changes that kind of analysis? Are you familiar with that case? Honestly, Your Honor, I am not. Well, okay.  All right, I withdraw the question then. Okay. Because it is a, I suspect that this case is here regardless of what the exact answer to that question is because the Ninth Circuit sent it here, and it's not clear enough a case for us to send it back. Well, and I wish, I can grab my brief and find the site, but there is precedent from this court that in these almost identical circumstances relating to a notice letter that was actually before the Ninth Circuit. I think that precedent is largely before the Supreme Court case, though, which substantially, at least for me, muddies the water. Okay. All right, fair enough. I was going to address some of the issues about the arguments that were made in S. Court's brief about whether or not the Idaho litigation privilege covers the circumstances of this case, and they argued that it didn't, but then I heard Mr. Schatz concede, I think, that in fact, under these facts, the Idaho litigation privilege does cover the situation, and it's only an issue of whether or not the law is preempted. And so I don't think that I'm going to go into all their various arguments unless you think that they would be helpful as to whether or not the Idaho litigation privilege doesn't apply, as they suggested in their brief. I heard the same thing from Mr. Schatz, as you did. Okay. If I may, I'll reserve the rest of my time. I don't think you get to reserve time, but I'm happy for you to sit down. Thank you. Thank you, Your Honors. First of all, Escort did argue below this issue, that federal patent law applies. In response to the Appley's motion to dismiss, which was based on state litigation privilege, Escort argued the Micon Gaming case, which specifically says that federal patent law requires that notices be in good faith, and that is at the following points in the record, S.E.R. 15, and I apologize for the notation because it's from the Ninth Circuit, but S.E.R. 15 and R.E.R. 141 and 142. Escort therein did argue in response to the motion to dismiss, and the claim of state litigation privilege, that it's a federal patent law issue, and that patent notice rights that are given in bad faith are actionable. With respect to Mr. Dallard's comments about us not arguing good faith, this relates to the fact that the district court found that the patent notice rights are allegedly related to Fleming 2, a case that had not yet been filed at the time. Good faith is an affirmative defense that is not appropriate for pleading a complaint. In other words, Escort was not required to plead around an affirmative defense or a claim that a letter was sent in good faith contemplation of a lawsuit, and I see that I'm out of time, but that's the reason why good faith was not raised. It was never raised by the Abilese at all whether Fleming 2 was contemplated in good faith, and that's why there was no response from Escort on that point. Thank you, Mr. Schatz. The case is submitted.